GReen J.
delivered the opinion of the court.
Parks sued Brown upon an instrument of writing, in which the defendant acknowledged himself to be due to the plaintiff, on settlement $440 93 in good ginned cotton. A verdict and judgment were rendered for the plaintiff, and the defendant appealed in error to this court.
It is now insisted that as the writing sued on, is not a prom *297 issory note, and not being under seal, tbe declaration should have averred a consideration for the promises alleged; and in support of this position the cases of Read vs. Wheeler, 2 Yer. Rep. 50, 5 Yer. R. 435, 5 Hump. R. 56, Jerome vs. Whitney, 7 Jh. R. 321, are cited.
These authorities clearly establish the position for which they.are cited; and the case of Shelton vs. Bruce, 9 Yer. R. 94, is also a direct authority in support of the same proposition.^ The question therefore is, does this declaration allege a consideration? We think, that although the consideration is imperfectly and defectively set out, yet it is substantially al-ledge'd.
The first count in the declaration states, “that on the 5th day of November 1846, at, to wit, the state and county aforesaid, the said defendant made his certain promise in writing, bearing date the day and year last aforesaid, due at the time of making thereof, which promise in writing is now here to the court shown by which the sajxl defendant then and there acknowledged to be due to the said plaintiff on settlement four hundred and forty dollars, 93 cents in good ginned cotton, to be delivered at the gin of the said defendant in the said county of Giles, and State of Tennessee, at eight cents per pound, and then and there delivered the said promise in writing to him, the said plaintiff, by means,” &c.
Now, in this declaration, it is alleged, substantially, that the plaintiff and defendant had accounted together, and upon the adjustment of their accounts, it was settled that the defendant, in consideration thereof, was due the plaintiff the sum of $440 93, in ginned cotton, at 8 cents per pound.
This we think is such a statement of a consideration as if not good on demurrer, is cured by verdict, and cannot be taken advantage of in arrest. Anderson vs. Read 2 Tenn. R. 205, 1 Saunders. Affirm the judgment.